# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **EDWARD JOHNSON**, <br><br> Plaintiff, <br><br> v. <br><br> **LOCAL LODGE 1759, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO**, <br><br> Defendant. | Case No. 1:16-cv-01893 (TNM) |

## MEMORANDUM AND ORDER

The Court granted summary judgment to Defendant Local Lodge 1759 ("Local Lodge"). *Johnson v. Local Lodge 1759, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 2019 WL 2452991 (D.D.C. June 12, 2019). Now Plaintiff Edward Johnson moves to reopen this case. ECF No. 55. Because the Court must construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court considers Mr. Johnson's motion as a Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b).[1] For the reasons below, Mr. Johnson's motion will be denied.

Rule 59(e) allows a party to file "[a] motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). But relief under Rule 59(e) is "an extraordinary measure." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127–128 (2d ed.1995)). Nor is it "a vehicle to present a new legal theory that was available prior to judgment." *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012). A Rule 59(e) motion "is discretionary and

---

[1] Mr. Johnson attached a letter to his Motion for Reconsideration, ECF No. 54, and the Court will consider that letter in deciding Mr. Johnson's motion.

need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (quotation marks omitted).

Even construing Mr. Johnson's filings liberally, he has shown none of those things. *See generally* ECF Nos. 54; 55. He points to no change in controlling law. He does not discuss the availability of new evidence. Nor does he allege any errors by the Court, legal or factual, in granting Local Lodge's Motion for Summary Judgment. Instead, he offers reasons for his failure to attend a mediation in November 2018, ECF No. 55, recounts the basic claims from his Complaint, *see generally* ECF Nos. 54; 55, and raises issues related to a different case, *see* ECF No. 54.[2] This Rule 59(e) does not allow.

More, Mr. Johnson has not shown that reconsideration of the Court's prior decision is necessary to "prevent manifest injustice." Fed. R. Civ. P. 59(e). The standard of proving manifest injustice is high. *See Roane v. Gonzales*, 832 F. Supp. 2d 61, 66 (D.D.C. 2011). And Mr. Johnson has pointed to no injustice surrounding the Court's prior decision. True, the Court considered Local Lodge's Motion for Summary Judgment without opposition from Mr. Johnson, but he does not suggest that it was wrong for the Court to do so. *See generally*, ECF Nos. 54; 55. Indeed, the Court did so only after warning him at least twice about his obligation to respond. *See* Order, ECF No. 49; 2/11/19 Minute Order. Thus, it was Mr. Johnson's failure to heed repeated warnings that left his claims undefended.[3] And "manifest injustice 'does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.'" *Leidos, Inc.*, 881 F.3d at 217 (quoting *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004)).

---

[2] Mr. Johnson filed a related case against Local Lodge and Allied Aviation after Allied terminated him a second time. *See* Civ. No. 18-cv-01150-TNM.

[3] While Mr. Johnson failed to defend his claims here, he actively litigated his related case. *See* Civ. No. 18-cv-01150-TNM, ECF Nos. 18, 22, 27, 31, 34 (all filed after the Court first advised Mr. Johnson to respond to Local Lodge's Motion for Summary Judgment).

Naturally, Mr. Johnson's request for relief also fails the more stringent Rule 60(b) standard. *See Arabaitzis v. Unum Life Ins. Co. of Am.*, 351 F. Supp. 3d 11, 14 (D.D.C. 2018) ("Relief under Rule 60(b) is more restrictive than under Rule 59(e)."). He has not alleged "mistake, inadvertence, surprise, or excusable neglect" in failing to oppose Local Lodge's summary judgment motion. Fed. R. Civ. P. 60(b)(1).[4] He identifies no newly discovered evidence. Fed. R. Civ. P. 60(b)(2). The judgment is not void, and Mr. Johnson has not alleged that Local Lodge acted fraudulently. Fed. R. Civ. P. 60(b)(3), (4). Nor has he suggested that Rule 60(b)(5) applies. Finally, relief under Rule 60(b)(6) is appropriate only in "extraordinary circumstances." *Kramer v. Gates*, 481 F.3d 788, 790 (D.C. Cir. 2007). But Mr. Johnson has not pointed to any extraordinary circumstances surrounding the Court's decision to grant summary judgment to Local Lodge that would warrant relief from that decision.

For these reasons, it is hereby

**ORDERED** that Mr. Johnson's Motion for Reconsideration is denied.

**SO ORDERED**.

This is a final, appealable Order.

Dated: September 4, 2019

TREVOR N. McFADDEN
United States District Judge

---

[4] Even if Mr. Johnson's Motion for Reconsideration argued "excusable neglect," he still would not be entitled to relief. "[F]ault in the delay remains a very important factor—perhaps the most important factor—in determining whether neglect is excusable." *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14 (D.D.C. 2003) (cleaned up). Mr. Johnson has not shown or suggested that the failure to respond to Local Lodge's summary judgment motion is anyone's fault but his own. So the "most important factor" cuts against Mr. Johnson.